Chet Snider, Esq. SBN 28651
csnider@medhealthpartners.com
MedHealth Partners
15333 N. Pima Road, Suite 305
Scottsdale, Arizona 85260
Telephone: (833) 610-1860
Facsimile: (844) 404-3952

Eamon P. Kelly (*pro hac vice* application to be submitted)
ekelly@sperling-law.com
Sperling & Slater, P.C.
55 W. Monroe, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200
Facsimile: (312) 641-6492

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aviation West Charters, LLC d/b/a Angel MedFlight; Medway Air Ambulance, LLC; and Critical Care Air, LLC d/b/a Critical Care MedFlight,<br><br>Plaintiffs,<br><br>v.<br><br>Anthem Insurance Companies, Inc.,<br><br>Defendant. | No.:<br><br>**COMPLAINT** |

1

Plaintiffs Aviation West Charters, LLC, d/b/a Angel MedFlight, Medway Air Ambulance, LLC and Critical Care Air, LLC d/b/a Critical Care MedFlight (collectively, "Plaintiffs") complain of Defendant Anthem Insurance Companies, Inc. ("Anthem") as follows:

## NATURE OF THE ACTION

1. This is an action to compel Anthem Insurance Companies, Inc., to process benefit claims and to adjudicate appeals related to benefits claims subject to the Employee Retirement Income Security Act of 1974 (ERISA).

2. Plaintiffs provided ambulance transportation to multiple patients who are covered under health plans that Anthem administers and (in some cases) insures. After receiving timely claims for benefits, Anthem has yet to process the claims referenced below. Under the applicable ERISA regulations, Anthem must process post-service claims within 30 days. 29 CFR § 2560.503-1(f)(2)(iii)(B). Each claim determination is overdue under these regulations.

3. Similarly, after receiving timely appeals, Anthem has failed to timely adjudicate the appeals referenced below. Under the applicable ERISA regulations, Anthem generally must adjudicate appeals within sixty days. 29 CFR § 2560.503-1(i)(2)(iii). But contrary to those regulations, Anthem has not adjudicated the appeals: Each decision is overdue, several by more than two months.

4. Plaintiffs bring this lawsuit under 29 U.S.C. § 1132(a)(1)(B) as the assignee of their patients, seeking (1) an injunction compelling Anthem comply with its obligations under the ERISA regulations by issuing claim determinations, adjudicating the appeals and ensuring the timely adjudication of the requests for external review and (2) attorney's fees and costs.

## PARTIES

5. Anthem Insurance Companies, Inc. is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Anthem administers and, in some

1 cases, insures commercial health plans. Anthem may be served with process through its registered agent, C T Corporation System, at 334 North Senate Avenue in Indianapolis, Indiana 46204.

6. Aviation West Charters, LLC d/b/a Angel MedFlight is a Delaware limited liability company with a principal place of business in Maricopa County, Arizona. It provided medical ambulance transportation to various patients, all of whom were covered by health plans administered by Anthem and all of whom assigned their claims for benefits to Angel MedFlight.

7. Medway Air Ambulance, LLC is a Georgia limited liability company with a principal place of business in Gwinnett County, Georgia. It provided medical ambulance transportation to various patients, all of whom were covered by health plans administered by Anthem and all of whom assigned their claims for benefits to Medway.

8. Critical Care Air, LLC d/b/a Critical Care MedFlight is a Georgia corporation with a principal place of business in Gwinnett County, Georgia. It provided medical ambulance transportation to various patients, all of whom were covered by health plans administered by Anthem and all of whom assigned their claims for benefits to Critical Care MedFlight.

**JURISDICTION AND VENUE**

9. This court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1), (f).

10. Venue is proper in this district because the defendant may be found here. 29 U.S.C. § 1132(e)(2).

**FACTUAL ALLEGATIONS**

11. Plaintiffs provided medical ambulance transportation to the patients described in Paragraphs 18-21, all of whom are covered by ERISA health plans administered by Anthem.

12. Each patient assigned his or her claim for benefits to one of the plaintiffs.

13. Plaintiffs submitted timely claims for benefits (described in Paragraph 18) on their patients' behalf.

14. Under ERISA, Anthem generally must resolve post-service claims within 30 days. 29 CFR § 2560.503-1(f)(2)(iii)(B).

15. After Anthem issued adverse decisions as to other claims (described in Paragraphs 19-20) Plaintiffs submitted timely appeals on their patients' behalf.

16. Under ERISA, Anthem is generally required to adjudicate appeals within 60 days of receipt. *See* 29 CFR §. 2560.503-1(i)(2)(iii).

17. Anthem is also required to adhere to the applicable regulations regarding external review. Among other things, Anthem must conduct a preliminary review of external review requests within five business days (45 CFR § 147.136(d)(2)(ii)(A)); provide the IRO with the relevant documents and information within five days of assignment (45 CFR § 147.136(d)(2)(iii)(B)(3)); and ensure that the IROs are contractually bound to meet the applicable federal requirements (45 CFR § 147.136(d)(2)(iii)(B)(1)–(7)).

18. Plaintiffs submitted timely claims for benefits as to each of the following claims. To date, Anthem has not issued claim determinations as to any of the claims. All are overdue under ERISA.

| Patient Initials | Claim number | Account number |
|---|---|---|
| J.W. | 2022211MJ3158 | 108252 |
| D.F. | 2022122CW0099 | 105366 |
| A.M. | 27221882800 | 108758 |
| T.H. | 22167CQ1393 | 110600 |

| Patient Initials | Claim number | Account number |
|---|---|---|
| W.T. | 210803128330C | 109912 |
| Y.M. | 217950Q98040X00 | 113886 |
| A.F. | 22181DF3172 | 114233 |

19. Plaintiffs submitted timely first appeals as to each of the following claims. To date, none have been adjudicated and all are overdue under ERISA. Several are overdue by more than two months.

| Patient Initials | Claim number | Account number |
|---|---|---|
| M.P. | 21200127198 | 99030 |
| T.B. | 5202021111511000 | 94755 |
| B.B. | 21173MA5740 | 97381 |
| R.G. | 22116BC4813 | 108906 |
| B.G. | 2022110ME1941 | 110102 |
| I.Z. | 2021195129436 | 99406 |
| B.S. | 2022059LM1238 | 103760 |

20. Plaintiffs submitted a timely second appeal as to the following claim. To date, it has not been adjudicated and is overdue under ERISA.

| Patient Initials | Claim number | Account number |
|---|---|---|
| Z.B. | 26211972689400 | 99052 |

21. Plaintiffs submitted timely external review requests as to each of the following claims. To date, none have been adjudicated and all are overdue under ERISA.

| Patient Initials | Claim number | Account number |
|---|---|---|

| | | |
|---|---|---|
| J.L. | 2021145161215 | 96552 |
| S.B. | 21228i076500 | 100171 |
| C.B. | 2021074QL0468 | 94262 |
| W.B. | 2021207QA3334 | 98900 |
| B.A. | 21354e1c5600 | 105144 |
| L.B. | 2621721493100630 | 96414 |
| M.P. | 2021277MB2317 | 98884 |

22. Anthem violated its ERISA obligations by failing to issue claim determinations within the prescribed time under 29 CFR § 2560.503-1(f)(2)(iii)(B). Anthem further violated its ERISA obligations by failing to adjudicate the above-referenced appeals within the prescribed time under 29 C.F.R. § 2560.503-1(i)(2)(iii). Anthem further violated its ERISA obligations by failing to ensure timely processing and adjudication of the above-referenced external review requests. 45 C.F.R. § 147.136(d)(2) (describing standards health plans and issuers must adhere to).

23. Plaintiffs, as the assignee for each claim listed above, are entitled to enforce the patients' rights under the terms of their health plans. 29 U.S.C. § 1132(a)(1)(B).

24. Plaintiffs are further entitled to an injunction compelling Anthem to issue claim determinations, adjudicate the appeals and ensure the adjudication of the external review requests referenced in Paragraphs 18-21.

**CAUSE OF ACTION**

25. Plaintiffs incorporate and reallege the allegations of the preceding Paragraphs.

26. Anthem administers and, in some cases, insures health plans for the patients described in Paragraphs 18-21, all of which are employee benefit plans governed by ERISA.

27. Anthem has failed to issue timely claim determinations as to the claims referenced in Paragraph 18; failed to timely adjudicate the appeals referenced in Paragraphs 19-20; and failed to ensure the timely adjudication of the external review requests referenced in Paragraph 21.

28. The patients described in Paragraph 18-21 assigned their claims to Plaintiffs.

29. Plaintiffs, on behalf of the patients described in Paragraph 18-21, are entitled to timely adjudication of the appeals and requests for external review described above.

30. Plaintiffs have no adequate remedy at law, because delays in paying out ERISA benefits constitute irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs Aviation West Charters, LLC d/b/a Angel MedFlight, Medway Air Ambulance, LLC and Critical Care Air, LLC d/b/a Critical Care MedFlight request judgment in their favor and against Defendant Anthem Insurance Companies, Inc. as follows:

A. Entry of an order compelling Anthem to issue claim determinations and appeal adjudications as to the claims and appeals described in Paragraphs 18-20, and to ensure the adjudication of the external review requests described in Paragraph 21;

B. Attorney's fees and costs; and

C. Any and all other damages to which Plaintiffs are entitled.

DATED this 19th day of August, 2022.

By *Chet Snider*
Chet Snider, Esq.